MEMORANDUM **
Waymon Mickiangelo Berry, III, a California state prisoner, appeals pro se from the district court’s judgment in his 42 U.S.C. § 1983 action alleging that defendants engaged in a conspiracy and retaliated against him for filing grievances against prison officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
The district court properly granted summary judgment on Berry’s First Amendment retaliation claim because Berry did not raise a genuine issue of material fact as to whether his placement in administrative segregation, his disciplinary charge, and his transfer to another prison facility failed to advance a legitimate penological interest. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005) (describing elements of a First Amendment retaliation claim).
It follows that the district court properly granted summary judgment on Berry’s conspiracy claim. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989) (explaining that a plaintiff must show a deprivation of his constitutional rights to establish a conspiracy).
Berry’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.